UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-02633-VAP-ASx | Date | May 27, 2021 |

| Title | *Yoxy Jurado v. Aequor Heathcare Services, LLC et al* |

Present: The Honorable  VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** MINUTE ORDER GRANTING MOTION TO REMAND (DKT. 13) (IN CHAMBERS)

Plaintiff Yoxy Jurado ("Plaintiff") filed a Motion to Remand Case ("Motion") on April 23, 2021. (Mot., Dkt. 13.) Defendants Aequor Healthcare Services, Inc., Aequor Healthcare Services, LLC, and Therapy Staff, LLC ("Defendants") filed their Opposition on May 3, 2021 (Opp'n, Dkt. 15), and Plaintiff filed her Reply on May 10, 2021 (Reply, Dkt. 17). The Court thereafter granted Defendants' *ex parte* request to file a Sur-Reply (Dkt. 20) and the Sur-Reply was filed on May 18, 2021 (Sur-Reply, Dkt. 21).

The Court finds this matter appropriate for resolution without hearing pursuant to Local Rule 7-15. After considering all papers filed in connection to the Motion, the Court GRANTS the Motion.

**I. Background**

Plaintiff, an employee of Defendants, filed her labor and employment class action Complaint in Los Angeles Superior Court on February 11, 2021 alleging seven violations of the California Labor Code and a claim pursuant to California's Unfair Competition Law. (Compl., Dkt. 1-2.) Plaintiff seeks to represent a class of "all current and former

non-exempt employees of any of the Defendants within the State of California" in the four years preceding the filing of the Complaint. (*Id.* ¶ 14.)

Defendants removed the action to this Court on March 25, 2021 based on diversity jurisdiction. (Notice of Removal ("Notice"), Dkt. 1.) Defendants contend that complete diversity of citizenship exists between Plaintiff and Defendants and that the amount in controversy as to Plaintiff's individual claims exceeds $75,000. (*Id.* ¶¶ 6, 10–25.) Plaintiff thereafter filed the present Motion, challenging Defendants' allegations as to the amount in controversy.[1] (*See* Mot.)

## II. Legal Standard

Federal law allows a state-court defendant to remove a case from state to federal court if the case is one over which the federal courts could exercise their original jurisdiction. 28 U.S.C. § 1441(a). To accomplish this task, the removing defendant files a notice of removal in the federal district court in the district and division within which the state court action was pending. 28 U.S.C. § 1446(a). The notice must contain "a short and plain statement of the grounds for removal" – in a case relying on diversity jurisdiction, that the parties are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a) – "together with a copy of all process, pleadings, and orders" served previously on the removing defendant, 28 U.S.C. § 1446(a).

The plaintiff may then challenge the removal, as here, on the basis that the amount in controversy is insufficient to invoke the federal court's jurisdiction. The parties may submit proof and the Court will decide "by a preponderance of the evidence, whether the amount-in-controversy has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). "Other than for cases under the Class Action Fairness Act of 2005 (CAFA), [courts] strictly construe the removal statute against removal jurisdiction." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021). This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations and citation omitted). "Federal

---

[1] In support of their Opposition and Sur-Reply, Defendants filed two Requests for Judicial Notice. (Dkts. 16, 22.) As the Court does not rely on the underlying documents, it denies the Requests as moot.

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[2] *Id.*

### III. Discussion

Defendants do not seek removal pursuant to CAFA, but instead invoke traditional diversity jurisdiction. (*See* Dkt. 1.) As stated above, a strong presumption against removal accordingly applies, and Defendants bear the burden of proving that this Court has jurisdiction.

Defendants contend that their estimate of Plaintiff's current and projected attorneys' fees, as set forth in Defendants' supporting declarations, satisfies the amount in controversy.[3] For purposes of traditional diversity jurisdiction in class action cases, the Ninth Circuit has determined when "attorneys' fees are not awarded solely to the named plaintiffs in a class action [by the authorizing statute] . . . [they] cannot be allocated solely to those plaintiffs for purposes of amount in controversy." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001). In such cases, courts determine the plaintiff's appropriate share of attorneys' fees by distributing the total estimated fees on a pro rata basis amongst the named plaintiff(s) and class members. *See, e.g.*, *Snow v. Watkins & Shepard Trucking, Inc.*, No. EDCV182206-DMG-SPx, 2019 WL 1254571, at *5 n. 2 (C.D. Cal. Mar. 18, 2019) (collecting cases).

Here, the Complaint requests attorneys' fees pursuant to Labor Code § 1194 and Code of Civil Procedure § 1021.5. As neither statute authorizes an award of fees solely to the named plaintiff, the allocation of such fees to Plaintiff alone for purposes of the amount in controversy would be inappropriate. *See Gibson*, 261 F.3d at 943 (fees pursuant to § 1021.5 are not awarded solely to the named plaintiffs); *Snow*, 2019 WL 1254571, at *5 n. 2 (fees pursuant to § 1021.5 and Labor Code §§ 218.5, 1194, 1404, and 2699(g)(1) cannot be allocated solely to the named plaintiff); *Magee v. Iconix Waterworks (US) Inc.*, No. 2:20-CV-00840-KJM-DBx, 2020 WL 4188607, at *3 (E.D. Cal. July 21,

---

[2] Defendants primarily rely on cases analyzing the burden borne by a defendant seeking removal under CAFA. The Court finds those cases to be of limited value as they do not apply a strong presumption against removal as the Court must here.

[3] Plaintiff filed two sets of evidentiary objections in connection with the Motion. (Dkts. 13-1, 17-1.) The Court does not reach the objections to Defendants' declarations in support of the Notice of Removal, as the disputed evidence is not relied on in this Order. (Dkt. 13-1.) The Court also need not reach the objections to Defendants' declarations in support of their Opposition. (Dkt. 17-1). The Court considers that evidence for a limited purpose and not for the truth of the matters asserted.

2020) (Labor Code §§ 218.5 and 1194 do not allow for attribution of fees exclusively to the named plaintiff).

Defendants, however, have not attempted to make or support an estimate of Plaintiff's pro-rata share of attorneys' fees. *See Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1073 (N.D. Cal. 2018) ("Given defendant's failure to provide any evidence estimating plaintiff's pro-rata share of the total lodestar here, the Court declines to include an attorneys' fee estimate as part of the amount in controversy calculation."). Defendants instead argue that if Plaintiff's case was litigated individually, attorneys' fees would exceed $75,000.[4] (Opp'n at 13–16.) As Plaintiff notes, Defendants' method of estimating attorneys' fees was rejected in *Rodriguez v. Goodrich Corp.*, No. 2:14-CV-01026-JAM-ACx, 2014 WL 3842904, at *1 (E.D. Cal. Aug. 1, 2014), a putative class action removed on traditional diversity grounds. There, defendants similarly claimed that their calculation of attorneys' fees was based solely on fees applicable to the named plaintiff. *Id.* at *3. As in the present case, however, the estimate included legal work "that, in a class action, would be performed on behalf of the entire class," such as preparation of motions in limine and jury instructions. *Id*. The *Rodriguez* court accordingly disregarded the estimate, declining to "treat the matter as an individual action for purposes of removability, with the specter of a class action looming in the immediate future." *Id*. This Court agrees with the reasoning in *Rodriguez* and, for those reasons, declines to consider Defendants' inadequate estimate of attorneys' fees in determining the amount in controversy.

For similar reasons, the Court also rejects Defendants' allocation of the costs associated with the injunctive relief requested in the Complaint to Plaintiff alone. (Opp'n at 19; Compl. at 25.) Specifically, Defendants allege a minimum cost of $28,119 for "a part-time payroll clerk to improve the payroll policies, increase review of employee time records, and to more closely supervise defendants' healthcare facility clients regarding their compliance with the Labor Code." (Opp'n at 19–20.) The Court "may not allocate the cost to [defendant] of providing the requested injunctive relief to the class to a single plaintiff" unless the plaintiff's and class members' claims are "common and undivided," however. *Reisfelt v. Topco Assocs., LLC*, No. 820CV01283-JWH-ADSx, 2020 WL 6742879, at *1, 3 (C.D. Cal. Nov. 16, 2020) (internal quotations omitted) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001)). Defendants do not argue, nor does the Court find, that such a common and undivided right is at issue here. *Lyon v. W.W. Grainger Inc.*, No. C 10-00884 WHA, 2010 WL 1753194, at *2 (N.D. Cal. Apr. 29,

---

[4] Defendants estimate a minimum of 125 hours of attorney work at a blended rate of $685.00 per hour. (Opp'n at 13–16.) Attorney tasks include drafting the Complaint, propounding discovery, preparing pretrial submissions, and conducting trial. (*See* Dkt. 15-5 ¶ 3; Dkt. 15-6 ¶ 3; Dkt. 15-7 ¶ 4.)

2010) ("Here plaintiff is requesting an injunction against defendant from continued acts that allegedly violated California labor codes … An injunction can be granted or denied as to one specific plaintiff separately without implicating another plaintiff's rights."). Accordingly, the Court declines to consider this improper sum in determining the amount in controversy.

The inadequacy of Defendants' estimates of attorneys' fees and costs of injunctive relief is fatal to removal. Even if the Court were to adopt the rest of Defendants' calculations in full, the $75,000 threshold is not satisfied. (*See* Notice ¶¶ 14–21 (calculating damages of $41,216 for wage and hour claims); Opp'n at 19, 21 (asserting costs of $7,500 for a receiver and $5,000 for an incentive payment)).[5] Defendants have failed to carry their burden, and remand is thus warranted.

Defendants request that if the Court finds their burden unsatisfied, it should allow them unspecified jurisdictional discovery regarding the amount in controversy. (Opp'n at 24.) Jurisdictional discovery is not mandatory, however, and is vested in the Court's sound discretion. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 692 (9th Cir. 2006) (noting "the disinclination to entertain substantial, burdensome discovery on jurisdictional issues"). Here, Defendants do not identify the discovery requested or explain what jurisdictionally relevant facts they expect to discover or how those facts would demonstrate that the amount in controversy is satisfied.[6] District courts do not abuse their discretion in denying such unsupported requests for discovery "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). The Court accordingly declines Defendants' request.

## IV. Conclusion

The Court therefore GRANTS the Motion. The case is remanded to Superior Court of California, County of Los Angeles.

**IT IS SO ORDERED.**

---

[5] Plaintiff's refusal to stipulate that the amount in controversy is below the $75,000 threshold is not sufficient to satisfy that requirement, (Opp'n at 21–23). *Daley v. Walmart Stores, Inc.*, No. SACV180518-DOC-GJSx, 2018 WL 3104630, at *4 (C.D. Cal. June 21, 2018).

[6] Plaintiff also persuasively argues that Defendants, as the employers of Plaintiff and the putative class members, could marshal relevant evidence from wage statements, time records, and the like. (Reply at 11–12.)